Ralph O. Bloemers, OSB #984172
ralph@crag.org
Christopher G. Winter, OSB # 984355
Crag Law Center
917 SW Oak St., Ste. 417
Portland, OR  97205
Tel:  (503) 525-2727
Fax:  (503) 296-5454

Attorneys for Plaintiff

S. AMANDA MARSHALL, OSB #95347
United States Attorney
STEPHEN J. ODELL, OSB #903530
Assistant United States Attorney
steve.odell@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
Tel:  (503) 727-1024
Fax:  (503) 7237-1117

Of Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| CENTRAL OREGON LANDWATCH, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ALLEN, in his official capacity as Forest Supervisor of the Deschutes National Forest, UNITED STATES FOREST SERVICE, a federal agency.<br><br>Defendants. | Case No.: **6:12-cv-01757-TC**<br><br>STIPULATION OF DISMISSAL WITH PREJUDICE |

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and based on their representations set forth below, Plaintiff and Defendants hereby stipulate to a dismissal with prejudice of the above-captioned action. In light of this stipulation, Plaintiffs and Defendants respectfully and jointly request that the Court enter final judgment dismissing this action with prejudice in accordance with its previous orders (Dkt. ##63 & 65) subject to being set aside as provided in such orders.

Plaintiff initiated this action by filing a complaint (Dkt. #1) challenging the Forest Service's decision to issue a Special Use Permit to the City of Bend authorizing the construction and operation of a new water supply system to replace the existing system along Bridge Creek within the Deschutes National Forest ("Bend Surface Water Improvement Project" or "Project"), as memorialized in a Decision Notice and Finding of No Significant Impact, Special Use Permit: City of Bend, Bridge Creek Water Supply System, dated July 10, 2012.

Shortly thereafter, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #11) by which it sought to have the Court enjoin Federal Defendants from authorizing the construction of the Project until the Court could resolve Plaintiff's claims on the merits. The next day, the Court issued an ex parte minute order (Dkt. #21) granting the temporary restraining order.

The Court then set and heard oral argument on Plaintiff's request for a preliminary injunction. The day after the hearing, the Court granted Plaintiff's motion for a preliminary injunction (Dkt. # 50).

Several months later, the City advised the Forest Service that it was modifying its proposed Special Use Permit for the Project and, in response, the Forest Service issued a notice on December 17, 2012, indicating that it was withdrawing the decision that Plaintiff challenges in this case. The Forest Service is in the process of preparing further supplemental analysis pursuant to the National Environmental Policy Act on the City's modified Project proposal for a Special Use Permit, and issued a scoping letter inviting the public to review and comment on the modified proposal to help the Forest Service determine on which issues to focus in carrying out its additional analysis.

In light of the foregoing, Plaintiff and Federal Defendants hereby stipulate to the following:

1. The Forest Service's withdrawal of the decision that Plaintiff challenges by its Complaint has rendered this case moot and, therefore, this case challenging the now withdrawn EA, FONSI and DN should be dismissed with prejudice. This dismissal with prejudice is not intended to, and does not, preclude Plaintiff from challenging the decision the Forest Service makes on the City's modified Project proposal for a Special Use Permit, including the NEPA analysis on which that decision is based, even to the extent that such analysis relies on or incorporates the analysis underlying the Forest Service's withdrawn decision of which Plaintiff sought judicial review in this action.

2. Plaintiff prevailed on its motion for a temporary restraining order and preliminary injunction and, on that basis, its counsel had notified counsel for Defendants that it intends to seek payment from Defendants for its reasonable attorneys' fees, costs, and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Rather than litigate the issues related to these claims, however, Plaintiff and Defendants have agreed to resolve them via this stipulation and, in that light, Federal Defendants agree to pay Plaintiff the sum of $66,350.00 as the full amount due and owing for attorneys' fees, costs, and expenses it has incurred in this matter. Neither the entry into this stipulation nor any of its terms shall be deemed to represent or be used by any party as a concession of liability on the part of any other party, nor may it be cited or relied upon in any other judicial or administrative proceeding, either with respect to the issues on the merits of the underlying action or on Plaintiff's claims for attorneys' fees, costs, and expenses, including those related to Plaintiff's right to fees under the circumstances of this action, appropriate hourly rates, or any other issue subsumed within such claims.

3. Defendants will submit the necessary paperwork to process the payment within 5 business days of both the Court's approval of this stipulation and Plaintiff's counsel having provided to Defendants' counsel the necessary information to process the payment to be made pursuant to this stipulation, and Defendants will also make good-faith efforts to provide for payment to be made within 60 days from when Defendants submit the necessary paperwork. The payment shall be made electronically to Central Oregon Landwatch (FEIN 93-0935170) via direct deposit to the Crag Law Center's Oregon IOLTA account. If the full amount referenced in paragraph 2, supra, has not been electronically transmitted to this account within 60 days of the date Defendants submit the necessary paperwork, this stipulation shall be void and Plaintiff shall be entitled to set aside the dismissal and immediately pursue its rights to file a petition for attorney fees, costs, and expenses under the EAJA.

4. The payment will operate as complete satisfaction of any and all claims that Plaintiff may have under EAJA or any other statute, source, or common law stemming from this specific litigation and settled in this stipulation and Plaintiff waives any claims or right to seek any further compensation it may have beyond that outlined in this stipulation upon payment of the sum set forth herein. Counsel for Plaintiff represents that he has obtained from Plaintiff the necessary authorization for payment to be made in accordance with the terms of paragraph 3, above. Plaintiff will provide a notice of satisfaction of the terms of this stipulation when payment is made. Plaintiff agrees to hold Defendants harmless in any litigation, further suit, or claim arising from the deposit of the settlement amount into the Client Trust Fund account identified in paragraph 3.

5. This Agreement shall not constitute an admission of liability or fault on the part of the Defendant or any of its agents or employees.

6.  No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the United States is obligated to pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other provisions of law.

7.  This Agreement shall be binding on the parties and their successors, agents, designees, employees, and all those acting by and through their authority.

8.  The undersigned representatives of each party certify that they are fully authorized by the party they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

9.  The parties hereby jointly and respectfully request that the Court review and approve the terms of this stipulation by signing on the signature block provided for that purpose below.

Respectfully submitted by:

/s/ Ralph O. Bloemers
Ralph O. Bloemers, OSB# 984172
Attorney for Plaintiff


/s/ Stephen J. Odell
Stephen J. Odell, OSB #903530
Attorney for Defendants


Having reviewed the foregoing stipulation of dismissal, I hereby APPROVE OF ITS TERMS and DISMISS THIS ACTION WITH PREJUDICE in accordance with such terms this 22 day of May 2013.

THOMAS M. COFFIN
United States Magistrate Judge